UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROCKY DWIGHT SIMBECK,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 3:24-CV-757-JVB-JEM<br>) |
| WILLIAM J. REDMAN, TODD H.<br>SHEPHARD, and GARRETT W. FIELDS,<br>　　　　Defendants. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

Rocky Dwight Simbeck, a prisoner without a lawyer, filed a complaint alleging he was prevented from practicing his religion at the St. Joseph County Jail on August 29, 2024. (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Simbeck alleges he is Muslim. He says he was given an English version of the Quran and a towel to use as a prayer rug. He was told he could purchase a real prayer rug, but he is indigent and cannot afford the cost. These allegations do not state a claim. Under the First Amendment, prisoners have a right to exercise their religion. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). However, "there is no constitutional entitlement to subsidy." *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002). The Religious Land Use and Institutionalized Persons Act (RLUIPA), offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion [by an inmate], whether or not compelled by, or central to, a system of religious

belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); 42 U.S.C. § 2000cc-5(7)(A). However, RLUIPA is "[d]irected at obstructions institutional arrangements place on religious observances, [and it] does not require a State to pay for an inmate's devotional accessories." *Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005).

Simbeck alleges he is on a Kosher diet. He alleges the bread, juice packet, apple, cereal, and a solid[1] that he was given were unsealed, had been touched, and had not been blessed. He does not explain why this makes them not Kosher as contrasted with the sealed food trays, butter, cream cheese, and milk that he receives. Neither does he explain how any of the named defendants were personally involved. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596.

This complaint does not state a claim for which relief can be granted. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

---

[1] It is unclear what he means by "a solid," but that is what he wrote in the complaint.

complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Simbeck believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) **GRANTS** Rocky Dwight Simbeck until **March 17, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Rocky Dwight Simbeck if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 13, 2025.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

3